NOT FOR PUBLICATION                                                    (Doc. No. 7)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

—————————————————————— :
                                              :
Joseph ROMANO,                                :     Civil No. 16-7420 (RBK/AMD)
                                              :
                          Plaintiff,          :     **Opinion**
                                              :
              v.                              :
                                              :
WAL-MART STORES EAST, LP, et al.,             :
                                              :
                          Defendant(s).       :
—————————————————————— :

**KUGLER**, United States District Judge:

 This matter comes before the Court on Plaintiff Joseph Romano's ("Plaintiff") Complaint against Defendant Wal-Mart Stores East, LP ("Defendant") asserting claims for personal injuries. Currently before the Court is Plaintiff's Motion to Remand to the Superior Court of New Jersey, Atlantic County, Law Division (Doc. No. 7). For the reasons expressed below, Plaintiff's Motion is **GRANTED**.

### I. BACKGROUND

 Plaintiff filed a Complaint in the Superior Court of New Jersey, Atlantic County, Law Division on February 19, 2016, asserting claims for personal injuries that allegedly resulted from visiting a store of Defendant's. Plaintiff completed and returned Defendant's Demand for Statement of Damages on September 19, 2016, and therein indicated a demand for $5,000,000 in damages. Defendant subsequently brought a Notice of Removal in the United States District Court for the District of New Jersey, Camden Vicinage on October 17, 2016, asserting that this

Court has original jurisdiction under 28 U.S.C. § 1332 (Doc. No. 1). On October 28, 2016, Plaintiff filed the present Motion to Remand (Doc. No. 7).

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. *See Abels*, 770 F.2d at 29 ("Because the lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

A defendant must file a notice of removal within thirty days of receiving service of the initial pleading. 28 U.S.C. § 1446(b)(1). The thirty day period is only triggered, however, if the initial pleading "informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993), *recognized as overruled on other grounds*, *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005). If the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A

statement of damages constitutes an "other paper." *Vartanian v. Terzian*, 960 F. Supp. 58, 62 (D.N.J. 1997).

## III.  DISCUSSION

The parties dispute whether the Complaint contained a substantial degree of specificity such that it triggered the thirty day period for Defendant to file the Notice of Removal. In evaluating the degree of specificity, courts in this District have recognized two different standards. One approach examines whether the complaint includes "a specific allegation that damages are in excess of the federal jurisdictional amount." *Vartanian*, 960 F. Supp. at 61. The other approach requires only "allegations of severe injuries along with pain and suffering [that] will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998) (citations omitted). The Third Circuit has endorsed neither standard. However, courts in this District are increasingly applying the latter approach and finding that a complaint supports removal where it claims damages for injuries that are reasonably valued to meet the amount in controversy threshold. *See, e.g.*, *Buchanan v. Lott*, 255 F. Supp. 2d 326, 330 (D.N.J. 2003); *Weiderspahn v. Wing Enterprises, Inc.*, No. Civ. 09-2441 (JEI/AMD), 2009 WL 2070353, at *4 (D.N.J. July 10, 2009). Furthermore, some courts have noted that this standard better coheres with state procedural requirements. *See Buchanan*, 255 F. Supp. at 330. New Jersey Court Rule 4:5-2 states that "the pleading shall demand damages generally without specifying the amount" if unliquidated money damages are claimed in a court other than the Special Civil Part. Thus, necessitating that a complaint specify a damages number to allow removal to federal court would conflict with the prohibition on including such information in complaints filed in state court. As such, this Court will apply the majority trend, and hold that a complaint contains a substantial degree of

specificity to trigger the thirty day time limit on removal if it asserts injuries that support damages in excess of the jurisdictional amount.

The Complaint alleges that Plaintiff's "injuries include but are not limited to a cervical spine herniated disc necessitating fusion surgery." Compl. ¶ 5. Other courts have estimated treatment for herniated discs to begin at $250,000. *See Ortiz v. Richmond Elevator Co., Inc.*, No. 15-CV-672 CCC-JBC, 2015 WL 5945433, at *3 (D.N.J. Sept. 29, 2015) (surveying awards to plaintiffs in New Jersey state courts for cervical disc herniations). As such, the Court finds that the Complaint provided notice that the damages at issue surpasses the $75,000 threshold and the thirty day period for removing this matter began upon service of the Complaint. Therefore, Defendant's removal is untimely, and the Court grants Plaintiff's Motion to Remand.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This case shall be remanded to the New Jersey Superior Court, Atlantic County, Law Division.


Dated:     1/11/2017                                        s/ Robert B. Kugler

                                                           ROBERT B. KUGLER

                                                           United State District Judge